**ALL REGIONS CHEMICAL LAB, INC., Petitioner,**

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Respondent.**

Civ. A. No. 90–30162–F.

United States District Court, D. Massachusetts.

Sept. 24, 1990.

---

William P. Hadley, Doherty, Wallace, Pillsbury & Murphy, Springfield, Mass., for petitioner.

Karen L. Egbert, Dept. of Justice, Environment & Natural Resources Div., Washington, D.C., for respondent.

## MEMORANDUM AND ORDER

FREEDMAN, Chief Judge.

Before the Court is the respondent Environmental Protection Agency's ("EPA") motion pursuant to Fed.R.Civ.P. 12(e) to compel the petitioner, All Regions Chemical Lab ("All Regions"), to file a more definite statement. All Regions opposes the government's motion.

■ On July 2, 1990, the Administrator of the EPA assessed an $89,840 fine against All Regions for violations of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), as well as the Emergency Planning and Community Right–to–Know Act (EPCRA).[1] All Regions challenges the validity of that award, and filed a notice of appeal in this Court on July 30, 1990. The EPA argues that All Regions may only challenge the administrative determination through the initiation of a civil law suit, which in turn requires the filing of a complaint, something All Regions has not done. All Regions argues that its notice of appeal is sufficient under the relevant statute, and that no complaint is necessary. The Court agrees.

This Court's jurisdiction for review of a civil penalty assessed by the Administrator of the EPA under the "Right-to-Know" Act is set forth in 42 U.S.C. § 11045, the relevant portion of which reads as follows:

**(f) Procedures for administrative penalties.** (1) Any person against whom a civil penalty is assessed under this section may obtain review thereof in the

---

1. The fines were assessed against All–Regions for the cost to EPA of cleaning up two chlorine gas leaks emanating from the petitioner's plant in Springfield, Massachusetts. The leaks resulted in the evacuation of 30,000 people from the surrounding area.

appropriate district court of the United States by filing a notice of appeal in such court within 30 days after the date of such order and by simultaneously sending a copy of such notice by certified mail to the Administrator. The Administrator shall promptly file in such court a certified copy of the record upon which such violation was found or such penalty imposed.

The government argues that since Fed.R. Civ.P. 3 states that all civil actions shall commence by the filing of a complaint, and since All Regions has not filed a complaint, the motion for a more definite statement should be allowed. However, as the government is surely aware, there are a variety of matters which reach this Court without benefit of a complaint being filed in this Court. Bankruptcy matters, for instance, reach this Court's docket on the strength of a statute closely similar to 42 U.S.C. § 11045(f):

> (a) **Appeal as of right; how taken.** An appeal from a final judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel shall be taken by filing a notice of appeal with clerk of the bankruptcy court within the time allowed by Rule 8002.

Bank.R. 8001. *Compare* Deep Seabed Hard Mineral Resources Act, 30 U.S.C. § 1462 ((b) **Review of civil penalty.** Any person subject to section 301 [30 U.S.C. § 1461] against whom a civil penalty is assessed under subsection (a) may obtain review thereof in an appropriate district court of the United States by filing a notice of appeal in such court within 30 days from the date of such order and by simultaneously sending a copy of such notice by certified mail to the Administrator.).

By contrast, the statute governing review of another agency, the Social Security Administration, clearly calls for the institution of a civil suit in order to obtain this Court's review of the Secretary's actions:

> (g) **Judicial review.** Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. § 405.

The deciding point comes from the Rules of Appellate Procedures themselves. The section governing the review or enforcement of agency orders reads in relevant part:

> (a) **Petition for Review of Order; Joint Petition.** Review of an order of an administrative agency, board, commission or officer ... shall be obtained by filing with the clerk of a court of appeals which is authorized to hear such order, within the time prescribed by law, a petition to enjoin, set aside, suspend, modify or otherwise review, or a notice of appeal, whichever form is indicated by the applicable statute....

Fed.R.App.P. 15. In this case, the relevant statute, 42 U.S.C. § 11045(f), both designates this Court as a "court of appeals" authorized to hear the matter, and indicates that the appropriate form to be used is a notice of appeal. In this Court's view, Congress' use of the phrase "notice of appeal" in 42 U.S.C. § 11045(f) is a clear indication that it intended the Rules of Appellate Procedure to govern a District Court's handling of an appeal from the EPA.

 Under the Rules of Appellate Procedure, as the petitioner points out, the submission of a brief by the petitioner pursuant to Rule 28 is all that is required to give notice to the respondent of the issues on appeal. The EPA will have an opportunity to respond at that time. Accordingly, the EPA's motion for a more definite statement is DENIED.

It is So Ordered.